# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
August 13, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SUSAN ANDREWS,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0482**  (BOR Appeal No. 2047841)
(Claim No. 2011014295)

**LAMRITE WEST, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Susan Andrews, by George Zivkovich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Lamrite West, Inc., by Lisa W. Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 23, 2013, in which the Board affirmed an October 9, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges modified the claims administrator's December 7, 2010, and January 11, 2011, decisions holding Ms. Andrews's claim compensable for cervical sprain/strain/contusion, and held that the compensable components of Ms. Andrews's claim are cervical strain, contusion to the head, and headaches. Also in its Order, the Office of Judges affirmed the claims administrator's February 17, 2011; March 11, 2011; and August 17, 2011, decisions closing Ms. Andrews's claim for temporary total disability benefits and denying her request to reopen her claim for temporary total disability benefits. Finally, the Office of Judges affirmed the claims administrator's August 17, 2011, decision denying Ms. Andrews's request for a referral to Michael Shramowiat, M.D. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Andrews sustained multiple injuries on October 18, 2010, when a piece of glass fell on her head while stocking merchandise. Immediately following the injury, Ms. Andrews presented at the St. Joseph's Hospital emergency department, where she was diagnosed with a contusion and cervical sprain/strain. A cervical spine CT scan performed on the date of injury revealed moderate multilevel cervical spondylosis and facet osteoarthritis. Cervical spine x-rays taken on the date of injury revealed moderate to severe degenerative disc disease at C5-C7 and mild multilevel facet joint arthrosis. On November 23, 2010, a cervical spine MRI was performed at the request of Doug Piersol, D.C., Ms. Andrews's chiropractor. The MRI revealed mild straightening of the cervical lordosis suggestive of a musculoskeletal strain, narrowing of the subarachnoid space at C4-5, and mild stenosis at C5-6. On November 30, 2010, Dr. Piersol completed a diagnosis update requesting that disc bulge at C4-5, disc protrusion at C5-6, thoracic strain, and cervical strain be added as compensable components of the claim.

On December 7, 2010, the claims administrator held Ms. Andrews's claim compensable for cervical strain/sprain/contusion. The claims administrator further held that disc bulge at C4-5, disc protrusion at C5-6, thoracic and upper thoracic strain, headaches, and stenosis at C4-5 and C5-6 are not compensable. On January 11, 2011, the claims administrator issued another decision, stating again that the only compensable component of Ms. Andrews's claim is cervical sprain/strain/contusion.

On January 25, 2011, Prasadarao Mukkamala, M.D., performed an independent medical evaluation and diagnosed Ms. Andrews with a head contusion and cervical sprain. He concluded that she has reached maximum medical improvement with regard to the compensable injury. Dr. Mukkamala opined that Ms. Andrews has degenerative disc disease in the cervical spine which is naturally occurring and unrelated to the October 18, 2010, injury, and further opined that her current complaints of headaches and neck pain are caused by these degenerative changes. On February 17, 2011, the claims administrator closed Ms. Andrews's claim for temporary total disability benefits. On March 11, 2011, the claims administrator again issued a decision informing Ms. Andrews that her claim has been closed for temporary total disability benefits.

On May 10, 2011, Ms. Andrews filed an application to reopen her claim for temporary total disability benefits. Dr. Piersol completed the physician's portion of the application. He indicated that Ms. Andrews suffers from neck pain, upper thoracic pain, and headaches and has been unable to work since October 29, 2010. On June 24, 2011, Dr. Piersol requested authorization for a referral to Dr. Shramowiat. On July 29, 2011, Dr. Piersol indicated that Ms. Andrews's expected return to work date is September 1, 2011. The claims administrator denied Dr. Piersol's request for a referral to Dr. Shramowiat, based in part on Dr. Mukkamala's independent medical evaluation, on August 17, 2011. In a separate decision dated August 17, 2011, the claims administrator denied Ms. Andrews's request to reopen her claim for temporary total disability benefits, again based in part on Dr. Mukkamala's independent medical evaluation.

The Office of Judges modified the claims administrator's December 7, 2010, and January 11, 2011, decisions holding only cervical sprain/strain/contusion compensable and held that the compensable components of the instant claim are cervical strain, contusion to the head, and headaches. The Office of Judges affirmed the claims administrator's February 17, 2011, and

2

March 11, 2011, decisions closing the claim for temporary total disability benefits; affirmed the claims administrator's August 17, 2011, decision denying authorization for a referral to Dr. Shramowiat; and affirmed the claims administrator's August 17, 2011, decision denying Ms. Andrews's request to reopen her claim for temporary total disability benefits.

As noted by the Office of Judges, the evidentiary record contains treatment notes from Dr. Shramowiat dating to 2009 in which Ms. Andrews was diagnosed with degenerative disc disease in the cervical, thoracic, and lumbar spine. In determining that the compensable components of the instant claim are cervical strain, contusion to the head, and headaches, the Office of Judges found that Ms. Andrews's medical records from the date of injury show that she only sustained a head injury and cervical strain. The Office of Judges further found that because Ms. Andrews sustained a head injury on October 18, 2010, her subsequent development of headaches most likely resulted from the compensable injury. Additionally, the Office of Judges noted that there is no mention of a thoracic spine injury in Ms. Andrews's medical records on the date of injury. Finally, the Office of Judges noted that the evidence of record demonstrates that any existing cervical disc bulges or protrusions, or cervical stenosis, are the result of pre-existing degenerative changes.

In regard to Ms. Andrews's request for temporary total disability benefits, the Office of Judges found that the evidence of record does not demonstrate that she remained temporarily and totally disabled after December 6, 2010, as a result of her compensable injuries. Further, the Office of Judges noted that Dr. Mukkamala determined that Ms. Andrews reached maximum medical improvement on January 25, 2011, thereby rendering her ineligible for temporary total disability benefits from that point onward pursuant to West Virginia Code § 23-4-7a (2005). Finally, the Office of Judges determined that the medical evidence of record fails to substantiate Ms. Andrews's request for a referral to Dr. Shramowiat. The Board of Review reached the same reasoned conclusions in its decision of April 23, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  August 13, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum